JAY L. POMERANTZ (CSB No. 209869)
jpomerantz@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:    650.938.5200

Attorneys for Defendant HAMED SHAHBAZI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL ECKERT and EDWIN BELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL HOLDINGS, INC., TIO NETWORKS ULC, TIO NETWORKS USA, INC., DANIEL H. SCHULMAN, JOHN D. RAINEY JR., HAMED SHAHBAZI, and JOHN KUNZE,<br><br>Defendants. | Case No.: 3:17-cv-06956-EMC<br><br>**DEFENDANT HAMED SHAHBAZI'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date: September 20, 2018<br>Time: 1:30 p.m.<br>Judge: Honorable Edward M. Chen<br>Courtroom: 5, 17th Floor |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ........................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED .............................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I. INTRODUCTION ........................................................................................................................ 1

II. STATEMENT OF ALLEGED FACTS ..................................................................................... 3

III. LEGAL STANDARD ................................................................................................................ 4

IV. ARGUMENT ............................................................................................................................. 5

    A.    Because Plaintiffs Have Failed a Plead a Valid Section 10(b) Claim Against Any Defendant, The Section 20(a) Claim Against Mr. Shahbazi Fails As a Matter of Law ........................................................................................... 5

    B.    Because Plaintiffs Have Failed to Allege Any Specific Facts Establishing That Mr. Shahbazi Exercised Actual Power or Control Over a Primary Violator, the FAC Fails to State a Section 20(a) Claim Against Mr. Shahbazi ............................................................................................... 5

V. CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................5

*Branch v. Tunnell*,
  14 F.3d 449 (9th Cir. 1994) .......................................................................................................3

*Burgess v. Premier Corp.*,
  727 F.2d 826 (9th Cir. 1984) .....................................................................................................6

*City of Westland Police & Fire Ret. Sys. v. Sonic Solutions*,
  2009 WL 942182 (N.D. Cal. Apr. 6, 2009) ...........................................................................4, 6

*Dumont v. Litton Loan Servicing, LP*,
  2014 WL 815244 (S.D.N.Y. Mar. 3, 2014) ...............................................................................8

*Gammel v. Hewlett-Packard Co.*,
  905 F. Supp. 2d 1052 (C.D. Cal. 2012) .....................................................................................8

*Garamendi v. Caldwell*,
  1992 WL 336366 (C.D. Cal. May 14, 1992) .............................................................................8

*Hirsch v. Arthur Andersen & Co.*,
  72 F.3d 1085 (2nd Cir. 1995) ....................................................................................................7

*Howard v. Everex Sys., Inc.*,
  228 F.3d 1057 (9th Cir. 2000) ...................................................................................................4

*In re Cooper Sec. Litig.*,
  691 F. Supp. 2d 1105 (C.D. Cal. 2010) .................................................................................4, 7

*In re Energy Recovery Inc. Sec. Litig.*,
  2016 WL 324150 (N.D. Cal. Jan. 27, 2016) ..................................................................... *passim*

*In re Hansen Natural Corp. Sec. Litig.*,
  527 F. Supp. 2d 1142 (C.D. Cal. 2007) .....................................................................................9

*In re Huffy Corp. Sec. Litig.*,
  577 F. Supp. 2d 968 (S.D. Ohio 2008) ......................................................................................6

*In re Int'l Rectifier Corp. Sec. Litig.*,
  2008 WL 4555794 (C.D. Cal. May 23, 2008) ......................................................................6, 9

*In re Metawave Commc'ns Corp. Sec. Litig.*,
   298 F. Supp. 2d 1056 (W.D. Wash. 2003) .................................................................... 6, 7

*In re Rigel Pharm., Inc. Sec. Litig.*,
   2009 WL 5125344 (N.D. Cal. Dec. 21, 2009) .................................................................. 4

*In re Sage Enters., Inc.*,
   2006 WL 1722582 (N.D. Ill. Apr. 28, 2006) .................................................................... 8

*In re Silicon Graphics Sec. Litig.*,
   183 F.3d 970 (9th Cir. 1999) ............................................................................................ 3

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*,
   2017 WL 66281 (N.D. Cal. Jan. 4, 2017) .............................................................. 2, 4, 8, 9

*Key v. DSW Inc.*,
   454 F. Supp. 2d 684 (S.D. Ohio 2006) ............................................................................. 8

*Middlesex Ret. Sys. v. Quest Software Inc.*,
   527 F. Supp. 2d 1164 (C.D. Cal. 2007) ......................................................................... 4, 7

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
   96 F.3d 1151 (9th Cir. 1996) .......................................................................................... 4, 6

*Special Situations Fund III QP, L.P. v. Brar, et al.*,
   2015 WL 1393539 (N.D. Cal. Mar. 26, 2015) .................................................................. 8

*Welgus v. TriNet Grp., Inc.*,
   2017 WL 167708 (N.D. Cal. Jan. 17, 2017) ..................................................................... 4

*Wuxi Multimedia, Ltd. v. Koninklijke Philips Elecs., N.V.*,
   2006 WL 6667002 (S.D. Cal. Jan. 5, 2006), *aff'd sub nom.*, 280 F. App'x 968
   (Fed. Cir. 2008) ................................................................................................................ 8

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) ............................................................................................ 5

**STATUTES**

Private Securities Litigation Reform Act ................................................................................ 4

Securities Exchange Act of 1934 Section 10(b) ............................................................ 1, 2, 5

Securities Exchange Act of 1934 Section 20(a) ............................................................ *passim*

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure 8(a) ...................................................................................1, 5

Federal Rules of Civil Procedure 9(b) ...................................................................................1, 4

Federal Rules of Civil Procedure 12(b)(6) ............................................................................1, 3

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 20, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Edward M. Chen, San Francisco Courthouse, Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Hamed Shahbazi ("Defendant" or "Mr. Shahbazi") will and hereby does move the Court for an order dismissing Interim Lead Plaintiffs Michael Eckert and Edwin Bell's ("Plaintiffs'") First Amended Class Action Complaint for Violation of the Federal Securities Laws (the "FAC") as to Mr. Shahbazi. This motion is made pursuant to Rules 12(b)(6), 8(a) and 9(b) of the Federal Rules of Civil Procedure, on the grounds that the FAC fails to state a claim and fails to comply with the applicable pleading standard.

The motion is based on this Notice and the accompanying Memorandum of Points and Authorities; the Motions to Dismiss by PayPal Holdings, Inc., TIO Networks ULC, TIO Networks USA, Inc., Daniel H. Schulman, John D. Rainey Jr. and John Kunze ("PayPal Motion to Dismiss"), which Defendant joins and incorporates by reference; the papers on file in the action; argument of counsel at the hearing; and other such matters as may be judicially noticed or come before the Court at the hearing on this matter.

## STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiffs' claims under Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") should be dismissed as to Individual Defendant Hamed Shahbazi because:

1. Plaintiffs have failed to allege a primary violation of Section 10(b) of the Exchange Act, for the reasons discussed in the PayPal Motion to Dismiss; and

2. Plaintiffs have failed to allege that Mr. Shahbazi exercised actual power or control over any defendant that is alleged to be a primary violator of Section 10(b) of the Exchange Act.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs do not contend that Mr. Shahbazi – an employee of PayPal Holdings, Inc. ("PayPal") with the title of vice president – made any false or misleading statement, or engaged in any activity allegedly actionable under Section 10(b). The sole basis for suing Mr. Shahbazi is

that he is purportedly a "control person" liable under Section 20(a). Putting aside Plaintiffs' inability to plead an underlying violation of Section 10(b) against anyone (for the reasons discussed in the PayPal Motion to Dismiss), the FAC is devoid of factual allegations suggesting that Mr. Shahbazi exercised any control over a putative primary violator. To the contrary, the FAC repeatedly confirms that Mr. Shahbazi was in a subordinate role, reporting to the alleged President of TIO Networks USA, Inc. ("TIO USA") – *i.e.*, the defendant who allegedly integrated TIO into PayPal and thereafter supervised TIO (FAC ¶¶ 20, 27), who allegedly "directed that the TIO service be suspended" in November 2017 due to information security issues (*id*. ¶ 4), and the only individual defendant named in the Section 10(b) claim (*id*. ¶¶ 54-63).

Plaintiffs' claim against Mr. Shahbazi rests on the conclusory allegation that he was "responsible for the operations of TIO and its subsidiaries" (FAC ¶ 19), but this boilerplate assertion is insufficient to plead control person liability. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 2017 WL 66281, at *19 (N.D. Cal. Jan. 4, 2017) ("plaintiffs allege in conclusory fashion" that two CEOs and a board member were "involved in the day-to-day operations" of corporate entities and "direct[ed] their public statements and regulatory actions"; these allegations "do not plead the specific circumstances of [their] alleged control"). Moreover, the FAC never once alleges that Mr. Shahbazi had any role in the (a) data and information security issues at the core of FAC; or (b) writing, editing, disseminating, authorizing, or endorsing of any challenged statement. This pleading failure is fatal to the Section 20(a) claim against Mr. Shahbazi. *See, e.g.*, *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *26 (N.D. Cal. Jan. 27, 2016) (granting motion to dismiss Section 20(a) claim against Chief Marketing Officer who was neither a speaker during challenged conference calls nor a signer of challenged SEC filings).

Because Plaintiffs fail to allege any facts establishing that Mr. Shahbazi exercised control over a primary violator, the Section 20(a) claim against him should be dismissed with prejudice.

## II. STATEMENT OF ALLEGED FACTS

TIO Networks Corporation ("TIO") was a Canadian company that offered convenient solutions for expedited bill payment services to financially underserved consumers. FAC ¶ 24; Declaration of Jay Pomerantz in Support of Motion to Dismiss ("Pomerantz Dec."), Ex. A (Feb. 14, 2017 PayPal press release).[1] PayPal acquired TIO in July 2017. FAC ¶ 26. The stated purpose of this acquisition was to expand TIO's and PayPal's ability to provide simpler, faster and more affordable bill payment services to those who lack affordable access to basic financial tasks. Pomerantz Dec., Ex. A. After the acquisition, Mr. Shahbazi was no longer an employee or officer of TIO (renamed TIO Networks ULC) or TIO USA. FAC ¶¶ 15, 19. From July 2017 through May 2018, Mr. Shahbazi was an employee of PayPal, serving as Vice President of Bill Pay. *Id*.

Throughout his tenure as a PayPal employee, Mr. Shahbazi reported to defendant John Kunze, who is alleged to be the President of TIO USA, PayPal's Vice President of Global Consumer Products, and the head of Zoom, a PayPal subsidiary. FAC ¶¶ 20, 27 ("In PayPal's [post-acquisition] reporting hierarchy, Shahbazi was assigned to report to Kunze."). After PayPal acquired TIO, Mr. Kunze was allegedly "tasked with overseeing the integration as well as supervising TIO." *Id*. at ¶ 27; *see also id*. at ¶ 20 ("Shahbazi reported to Kunze at all relevant times, and Kunze oversaw the integration of TIO into PayPal on a day to day basis.").

The FAC contains no factual allegations that Mr. Shahbazi was responsible for or directed the day-to-day affairs of PayPal, TIO or TIO USA, or that he had the ability to control any of these entities. Although the FAC alleges statements from three former employees, none of them mentions Mr. Shahbazi even once. FAC ¶¶ 32-34. The FAC also does not allege that Mr. Shahbazi had any involvement in or knowledge of the security issues that purportedly form the

---

[1] The FAC repeatedly quotes from (but does not attach) PayPal's February 14, 2017 press release. Under the doctrine of incorporation by reference, the Court may consider this document in its entirety on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Energy Recovery*, 2016 WL 324150, at *2 ("The doctrine 'permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleadings.' *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).'").

basis for the FAC's claims or that he was involved in any way with the alleged misstatements.

### III. LEGAL STANDARD

To state a claim under Section 20(a) of the Exchange Act, which extends liability to "controlling persons," a plaintiff must prove: (1) a primary violation of federal securities laws, and (2) that the defendant exercised "actual power or control" over the primary violator. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). The Ninth Circuit has acknowledged that the "SEC has defined 'control' to mean: '[T]he possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through ownership of voting securities, by contract, or otherwise.'" *Id.* at 1065 n.9 (citation omitted); *see also In re Cooper Sec. Litig.*, 691 F. Supp. 2d 1105, 1121-22 (C.D. Cal. 2010).

To avoid dismissal of a control person claim under Section 20(a), a plaintiff must plead *specific* facts establishing that the defendant exercised actual power or control over a primary violator. *See, e.g.*, *Energy Recovery*, 2016 WL 324150, at *26 (plaintiffs "failed to allege sufficient facts to state a claim under Section 20(a) against [the Chief Marketing Officer]"); *City of Westland Police & Fire Ret. Sys. v. Sonic Solutions*, 2009 WL 942182, at *11 (N.D. Cal. Apr. 6, 2009) ("bare legal conclusions . . . devoid of any factual underpinnings" regarding alleged control do not state a Section 20(a) claim); *Middlesex Ret. Sys. v. Quest Software Inc.*, 527 F. Supp. 2d 1164, 1194 (C.D. Cal. 2007) ("[F]or Plaintiff to establish [defendant's] control person liability, Plaintiff must provide factual support that [he] was in a position to control a primary violator."). In the context of misstatements and omissions, a plaintiff "must allege specific facts concerning a defendant's … control over the preparation and release of the allegedly false and misleading statements." *Welgus v. TriNet Grp., Inc.*, 2017 WL 167708, at *12 (N.D. Cal. Jan. 17, 2017) (citing *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1163-64 (9th Cir. 1996)).[2]

---

[2] Certain courts within the Ninth Circuit have held that the alleged control relationship must be plead with sufficient particularity to satisfy Fed. R. Civ. P. 9(b)'s heightened pleading standard for fraud. *See, e.g.*, *Volkswagen*, 2017 WL 66281, at *19 (Rule 9(b) applies because a claim under Section 20(a) is premised on allegations of fraud); *In re Rigel Pharm., Inc. Sec. Litig.*, 2009 WL 5125344, at *6 (N.D. Cal. Dec. 21, 2009) (noting that 20(a) claims must also satisfy the "dual pleading requirements" of Rule 9(b) and the PSLRA). However, even under a notice pleading standard, a plaintiff cannot simply rely on conclusory or boilerplate allegations, but instead must

## IV. ARGUMENT

**A.  Because Plaintiffs Have Failed a Plead a Valid Section 10(b) Claim Against Any Defendant, The Section 20(a) Claim Against Mr. Shahbazi Fails As a Matter of Law.**

Plaintiffs have failed to plead a valid Section 10(b) claim against any defendant.  *See* PayPal Motion to Dismiss at Section III.A-D.  Accordingly, there can be no secondary liability for Mr. Shahbazi under Section 20(a) and this claim must be dismissed.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) ("Section 20(a) claims may be dismissed summarily . . . if a plaintiff fails to adequately plead a primary violation of section 10(b)").

**B.  Because Plaintiffs Have Failed to Allege Any Specific Facts Establishing That Mr. Shahbazi Exercised Actual Power or Control Over a Primary Violator, the FAC Fails to State a Section 20(a) Claim Against Mr. Shahbazi.**

Even if the Court were to find an underlying violation, Plaintiffs fail to plead facts that state a claim for control person liability against Mr. Shahbazi.  Plaintiffs' allegations regarding Mr. Shahbazi are sparse; ***he is only mentioned twice in the FAC*** after the initial paragraph identifying him as a defendant.  The FAC alleges that Mr. Shahbazi was a PayPal employee who reported to TIO USA President John Kunze, and who, ***at a minimum***, was three levels down in the PayPal management hierarchy.  FAC ¶¶ 19, 20, 27.[3]  Given his mid-level position, it is not surprising that Plaintiffs do not even try to allege that Mr. Shahbazi exercised control of PayPal.  As to TIO, the FAC alleges in a conclusory fashion that Mr. Shahbazi was "responsible for the operations of TIO and its subsidiaries" during the relevant period.  FAC ¶ 19.[4]  This boilerplate allegation is repeatedly contradicted by the FAC's *specific* allegation that Mr. Shahbazi's *superior*, John Kunze, the President of TIO USA, allegedly oversaw the integration of TIO into PayPal, supervised TIO post-acquisition, and "directed that the TIO service be suspended."  *Id*. ¶¶

---

plead specific facts establishing control.  *See* Section IV.B, *infra*.  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (even under Rule 8(a), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do') (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[3] The FAC does not allege that Mr. Shahbazi was an employee or officer of TIO or TIO USA.

[4] That this allegation is boilerplate is underscored by its reference to Mr. Shahbazi's supposed responsibility for TIO "subsidiaries" in the plural.  The FAC specifically alleges that there was only one TIO subsidiary (TIO USA).  FAC ¶ 16.

4, 20, 27. The FAC offers no other allegations regarding Mr. Shahbazi's purported control.

The FAC's allegations regarding Mr. Shahbazi's employment at PayPal and his supposed responsibility for TIO fail to plead a Section 20(a) claim for several reasons. ***First***, Mr. Shahbazi's alleged position as a PayPal vice president is insufficient as a matter of law to plead a control person claim. *See, e.g.*, *Energy Recovery*, 2016 WL 324150, at *26 (alleged position of Chief Marketing Officer insufficient to establish that defendant "possessed the requisite control over a primary violator"); *Sonic Solutions*, 2009 WL 942182, at *11 (allegation that defendants were control persons "by reason of their positions . . . and their [stock] ownership" rejected as "bare legal conclusions . . . devoid of any factual underpinnings"); *In re Int'l Rectifier Corp. Sec. Litig.*, 2008 WL 4555794, at *22 (C.D. Cal. May 23, 2008) (defendant's position as "Executive Vice President, Global Sales and Marketing does not establish that he had control"); *In re Metawave Commc'ns Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1091 (W.D. Wash. 2003) (employee's alleged titles fail to establish a control person claim in the absence of allegations that he was involved in various corporate functions underlying allegedly false statements).[5]

***Second***, the Section 20(a) claim against Mr. Shahbazi independently fails because the FAC is devoid of a single alleged fact suggesting in any way that Mr. Shahbazi (a) spoke for any of the defendant entities during the alleged class period; (b) had any involvement in the data and information security issues upon which Plaintiffs base their claims; or (c) had any involvement in the writing, preparing, editing, disseminating, review, authorizing, endorsing or making of the allegedly false statements. *See Paracor*, 96 F.3d at 1163-64 (affirming grant of summary judgment dismissing Section 20(a) claim; despite some evidence that defendant was involved in management, no evidence that he exercised control over the offering at issue or was involved in the preparation of any of the allegedly false offering materials); *Burgess v. Premier Corp.*, 727 F.2d 826, 832 (9th Cir. 1984) (reversing trial court and granting directed verdict to defendant on

---

[5] That Mr. Shahbazi is alleged to have been the Chairman and CEO of TIO ***before*** it was acquired by PayPal in July 2017 is irrelevant for purposes of pleading control during an alleged class period of three weeks in late 2017. *See In re Huffy Corp. Sec. Litig.*, 577 F. Supp. 2d 968, 1022 (S.D. Ohio 2008) (as for period when defendant was not allegedly CEO, Plaintiffs have not met their obligation of providing "'more than labels and conclusions or a formulaic recitation of the elements of the cause of action'" for a Section 20(a) violation) (citation omitted).

Section 20(a) claim where he "had nothing to do with preparation of the" false documents); *Energy Recovery*, 2016 WL 324150, at *26 (granting motion to dismiss control person claim where defendant "did not speak on the Company's behalf during earnings conference calls with investors, nor did she sign any SEC filings"); *Quest Software*, 527 F. Supp. 2d at 1194 (granting motion to dismiss Section 20(a) claim where no allegations that defendant with title of Vice President caused corporate defendant to issue any alleged false statements).

***Third***, that Mr. Shahbazi is alleged to have been a subordinate employee is an additional basis for dismissal of the control person claim against him. Although Mr. Shahbazi reported to the person who allegedly supervised TIO and suspended its service (FAC ¶¶ 4, 20, 27, 54-63), the FAC never alleges "how, as a Vice President" Mr. Shahbazi "exercise[d] control over either his peer Vice Presidents or his supervisors." *Quest Software*, 527 F. Supp. 2d at 1194 (dismissing Section 20(a) claim against defendant with title of Vice President where there were no allegations that he "was able to exercise control over the other 10b-5 Defendants when the other 10b-5 Defendants held positions of Vice President or higher"); *see also Cooper*, 691 F. Supp. 2d at 1121-22 (same); *Energy Recovery*, 2016 WL 324150, at *26 (granting motion to dismiss Section 20(a) claim against Chief Marketing Officer where "no allegation that she directed or exercised control over [CEO] who allegedly made the false and misleading statements"); *In re Metawave*, 298 F. Supp. 2d at 1091 ("the [complaint] shows that Liang was a subordinate"; failure to state Section 20(a) claim where Liang was not alleged to have been involved in the challenged statements or activities).

***Fourth***, while the FAC alleges in a conclusory manner that as a vice president of PayPal, Mr. Shahbazi continued to "direct the operations of PayPal's TIO services" and was "responsible for the operations of TIO and its subsidiaries" (FAC ¶ 19), this boilerplate assertion should not be accepted by the Court because it is contradicted by other – and purportedly more specific – allegations. As already noted, the FAC twice specifically alleges that Mr. Shahbazi was subordinate to the person allegedly "tasked" with supervising TIO; as such, the general allegation that Mr. Shahbazi controlled TIO should not be credited. *See, e.g., Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2nd Cir. 1995) ("In sum, domination and control . . . is not even

meaningfully alleged in the Complaint.  Further, the Complaint's attenuated allegations of control are contradicted both by more specific allegations in the Complaint and by facts of which we may take judicial notice."); *Dumont v. Litton Loan Servicing, LP*, 2014 WL 815244, at *9 (S.D.N.Y. Mar. 3, 2014) (rejecting general allegations that "are inconsistent with the specific factual allegations"); *In re Sage Enters., Inc.*, 2006 WL 1722582, at *18 (N.D. Ill. Apr. 28, 2006) ("conclusory allegations need not be credited when they are belied by more specific allegations of the complaint") (citation omitted); *Key v. DSW Inc.*, 454 F. Supp. 2d 684, 688 (S.D. Ohio 2006) ("given the blatant inconsistency between the general introductory paragraph of the Amended Complaint and the specific factual allegations plead throughout, the Court cannot conclude that the introductory paragraph of the Amended Complaint is an accurate factual representation of Plaintiff's specific allegations").

As noted, the FAC also makes contradictory allegations regarding the number of TIO subsidiaries that Mr. Shahbazi supposedly was "responsible" for.  FAC ¶¶ 20, 29; compare FAC ¶ 16 with ¶ 19.  This further undermines the FAC's allegations of control against Mr. Shahbazi.[6]

*Fifth*, even assuming for the sake of discussion only that the Court accepted as true that Mr. Shahbazi was "responsible" for TIO and its subsidiaries, this generic assertion would still be inadequate because the FAC has "no particularized allegations at all regarding [Mr. Shahbazi's] participation in [the companies'] day-to-day affairs or any specifics regarding [his] ability to control the corporation."  *Special Situations Fund III QP, L.P. v. Brar, et al.*, 2015 WL 1393539, at *10 (N.D. Cal. Mar. 26, 2015) (rejecting allegations that CFO and COO were control persons "by reason of their management positions" and their "power, influence and authority" over the challenged statements; "these are 'boilerplate' allegations that courts have typically rejected"). *See also Volkswagen*, 2017 WL 66281, at *19 (defendants allegedly were "involved in the day-to-

---

[6] *See, e.g.*, *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1077 (C.D. Cal. 2012) (inconsistencies in the complaint undermined plaintiff's allegations; granting motion to dismiss securities class action); *Wuxi Multimedia, Ltd. v. Koninklijke Philips Elecs., N.V.*, 2006 WL 6667002, at *9 (S.D. Cal. Jan. 5, 2006), *aff'd sub nom.*, 280 F. App'x 968 (Fed. Cir. 2008) ("Because these allegations are internally inconsistent, the Court need not accept them as true."; granting motion to dismiss without leave to amend); *Garamendi v. Caldwell*, 1992 WL 336366, at *1 (C.D. Cal. May 14, 1992) ("[T]he Court should not accept as true legal conclusions or inconsistent allegations of the pleading party.").

day operations of, and exercised power and control over [corporate defendants], including by, among other things, …directing their public statements and regulatory actions"; these "conclusory" allegations "do not plead the specific circumstances of [defendants'] alleged control" and "provide no additional allegations plausibly supporting this assertion"); *Energy Recovery*, 2016 WL 324150, at *5-6, 13, 26 (despite allegations that Chief Marketing Officer falsely and repeatedly "champion[ed]" prototype products as commercially viable, "Plaintiffs have not sufficiently alleged that she possessed the requisite control over a primary violator"); *Int'l Rectifier*, 2008 WL 4555794, at *22 ("Plaintiffs cannot simply base their claims on boilerplate allegations; they must provide some factual support that defendants were in a position to control a primary violator"); *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1163 (C.D. Cal. 2007) (granting motion to dismiss Section 20(a) claim without leave to amend; "[T]his boilerplate allegation [which included participation in the company's operations] is insufficient to state a claim for control person liability.").

The control person allegations against Mr. Shahbazi are even weaker than those rejected in cases such as *Energy Recovery* (where an executive within the "C-suite" was alleged to have falsely and repeatedly championed the commercial viability of prototype products) or *Volkswagen* (where two CEOs and a board member were alleged to have directed the public statements and regulatory actions of the corporate defendants). Absent from the FAC are any facts whatsoever demonstrating that Mr. Shahbazi was involved in – much less exercised control over – the data and information security issues that are the subject of the allegedly false statements.

Underscoring that conclusion is the FAC's reliance on three confidential former employee statements. FAC ¶¶ 32-34. Although these former employees purportedly address the data and information security issues, they say nothing about Mr. Shahbazi, let alone suggest that he had any responsibility for (or direction of TIO's) operations. This point is critical: Plaintiffs tout these former employees – who allegedly include a Senior Developer with an eight-year tenure at TIO (*id.* ¶ 34) – as being knowledgeable about the matters underlying this action. If that were true, they would had knowledge of the daily tasks performed by Mr. Shahbazi after the PayPal acquisition, and whether or not he was responsible for TIO during his tenure as a PayPal

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  employee. Yet *Mr. Shahbazi's name is not mentioned once in any of the alleged former*
2  *employee statements*. The former employees' silence confirms Plaintiffs' inability to plead that
3  Mr. Shahbazi was "responsible" for TIO or "direct[ed]" its operations.

### V. CONCLUSION

For the foregoing reasons, the Section 20(a) claim against Mr. Shahbazi should be dismissed with prejudice

Dated:  July 13, 2018                    FENWICK & WEST LLP


By: */s/ Jay L. Pomerantz*
    Jay L. Pomerantz
    Attorneys for Defendant HAMED SHAHBAZI