FILED

DEC 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ECKERT; EDWIN K. BELL, Lead Plaintiffs,<br><br>            Plaintiffs-Appellants,<br><br>v.<br><br>PAYPAL HOLDINGS, INC.; DANIEL H. SCHULMAN; JOHN D. RAINEY, Jr.; TIO NETWORKS ULC; TIO NETWORKS USA, INC.; JOHN KUNZE,<br><br>            Defendants-Appellees. | No.   19-16869<br><br>D.C. No. 3:17-cv-06956-EMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted November 19, 2020
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BERZON, Circuit Judges.

Michael Eckert and Edwin Bell appeal the district court's Rule 12(b)(6) dismissal of their class action complaint against PayPal alleging manipulative and

---

         [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

deceptive practices in violation of sections 10(b) and 20(a) of the Securities Exchange Act and SEC Rule 10b-5.  15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10b-5.  PayPal announced in November 2017 that it had discovered security vulnerabilities in connection with the recently acquired TIO Networks Corporation and had consequently suspended TIO's operations.  The next month, PayPal announced that it had identified a potential compromise of 1.6 million TIO customers' personally identifiable information, and PayPal's share price dropped 5.75%.  Plaintiffs, who bought stock in the period between the two announcements, claim that they suffered losses as a result of PayPal's failure to disclose the breach and its potential magnitude in its first announcement.

Since 1995, the Private Securities Litigation Reform Act (PSLRA) has required plaintiffs to plead, with particularity, "each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u–4(b)(1).  Plaintiffs bringing section 10(b) and Rule 10b-5 claims must therefore, among other requirements, plead facts giving rise to a "cogent and compelling" inference that the defendants made a material misrepresentation or omission (i.e., falsity) with intent or "deliberate recklessness" (i.e., scienter). *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052–53 (9th Cir. 2014) (deliberate recklessness must "present[] a danger of misleading buyers or sellers that is either

known to the defendant or is so obvious that the actor must have been aware of it"). The district court dismissed Plaintiffs' second amended complaint for failure to adequately allege scienter.

Plaintiffs contend that they satisfied the PSLRA's heightened pleading standard by alleging that the defendant in question knew, in November 2017, that PayPal had discovered an actual security breach, not just "security vulnerabilities." Yet the defendant publicly disclosed at that time that the issue was serious enough to merit suspending TIO's operations entirely. Under such circumstances, we cannot conclude that Plaintiffs have shown a cogent and compelling inference that the defendant's November announcement was intentionally misleading or so obviously misleading that he must have been aware of its potential to mislead. *See NVIDIA*, 768 F.3d at 1053. This point is underscored by the absence of any allegation in the complaint that any defendant sold stock during the relevant time period or otherwise had a motive to mislead investors in November but not in December. *See Webb v. Solarcity Corp.*, 884 F.3d 844, 856–57 (9th Cir. 2018). The district court therefore properly dismissed Plaintiffs' second amended complaint for failure to state a claim.

**AFFIRMED.**